IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER STROJNIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil No. 3:19-CV-01326-E |
| v. | § | |
| | § | |
| 1530 MAIN LP, D/B/A/ THE JOULE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 11). Defendant asserts the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For reasons that follow, the Court grants the motion.

**Background**

In his live pleading, Plaintiff Peter Strojnik asserts claims against Defendant 1530 Main LP, owner and operator of the Joule hotel in Dallas, Texas, for violations of the Americans with Disabilities Act (ADA) and for negligence based on the alleged ADA violations. Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

1

42 U.S.C. § 12182(a); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676 (2001). Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). A plaintiff who sues under the ADA is limited to seeking "injunctive relief, and a restraining or other similar order." *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (quoting *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)); *see* 42 U.S.C. § 12188(a).

The ADA categorizes places of public accommodation into three groups—facilities built prior to the effective date of the ADA, January 26, 1992, those altered after that date, and those built after that date. *Bledsoe v. A&Z Pharmacy, LLC*, No. 15-2609, 2017 WL 1315827, at *2 (W.D. LA Feb. 10, 2017). ADA discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). In addition, any alteration to a place of public accommodation after January 26, 1992 shall be made to ensure that to the maximum extent feasible, the altered portions are readily accessible to and useable by individuals with disabilities. *Id.* § 12183(a). New construction must be designed and constructed so that it is readily accessible to and usable by individuals with disabilities. *Id.; Bledsoe*, 2017 WL 1315827, at *2. It is unclear from Strojnik's complaint which category the Joule is in.

Strojnik, a resident of Maricopa County, Arizona, is proceeding pro se. He was licensed as an attorney in Arizona, but was disbarred on May 10,

2019.[1] Strojnik filed his original complaint in this case on June 3, 2019, and amended his complaint on July 18, 2019, to change the name of Defendant. Strojnik alleges that he is a disabled person as defined by the ADA. He asserts he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and arthritis." He alleges these physical impairments substantially limit his major life activities. He states that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." He further alleges that his "impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony." In one paragraph of his complaint, he alleges, "By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." Strojnik does not specifically allege that he uses a wheelchair for mobility.

---

[1] According to the website for the Arizona State Bar:

> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.

The Arizona Bar alleged that Strojnik violated various rules of professional conduct. Its website states that "Strojnik did not contest the allegations and consented to his disbarment."
See STATE BAR OF ARIZONA, https://azbar.legalserviceslink.com/attorneys-view/PeterStrojnik (last visited February 24, 2020).

According to the amended complaint, Strojnik is retired and "likes to spend his retirement years traveling the United States." Strojnik alleges that he booked a "mobility accessible room" with Defendant for February 20-22, 2019. He alleges he "visited the Hotel and discovered it was not accessibility suitable for his needs and that it was replete with architectural barriers as more fully disclosed in Addendum A." Addendum A is a series of pictures purporting to depict barriers Strojnik personally encountered at the Joule. Below each picture is a brief description of the alleged ADA deficiency. For example, below a picture of exterior doors, the addendum states: "ADA Deficiency: More than 5 lbs to open."

Strojnik alleges that Defendant has violated the ADA by denying him equal access to its public accommodation. He contends the violations described in Addendum A relate to his disability and interfere with his "full and complete enjoyment of the Hotel." Strojnik alleges he is "deterred from visiting the Hotel based on [his] knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to [his] disability." He further alleges that he "intends to visit Defendant's Hotel at a specific time when Defendant's noncompliant Hotel becomes fully compliant with ADAAG [ADA Accessibility Guidelines for Buildings and Facilities]." Strojnik seeks injunctive relief ordering Defendant to alter the hotel to make it accessible and usable to individuals with disabilities, equitable nominal damages, and costs and attorney's fees.

Strojnik also asserts a claim for negligence. He alleges Defendant owed him a duty to remove ADA accessibility barriers so that he could have equal access to the public accommodation. He further alleges Defendant breached this duty and that the breach caused him damages, including "the feeling of segregation, discrimination, relegation to second class citizen status[, and] the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial."

Defendant has moved to dismiss Strojnik's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

**Rule 12(b)(1) Motion to Dismiss**

Defendant contends that Strojnik's amended complaint should be dismissed because he lacks standing. Federal courts have subject matter jurisdiction only over a "case" or "controversy." *Deutsch*, 882 F.3d at 173; *see* U.S. Const. art. III, § 2, cl. 1. To establish a case or controversy, a plaintiff must show he has standing to sue. *Deutsch*, 882 F.3d at 173. Standing has three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) there must be a causal connection between the injury and the conduct

complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561.

In addition, because he sues under the ADA, Strojnik must meet the standing requirements for equitable relief. *Deutsch*, 882 F.3d at 173. A plaintiff seeking equitable relief must show that there is a real and immediate threat of repeated injury. *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Merely having suffered an injury in the past is not enough; the plaintiff must show a real or immediate threat that he will be wronged again. *Id.*

Defendant asserts Strojnik has failed to demonstrate that he suffered an injury in fact for two reasons: (1) he has not shown he is likely to suffer continuing or future injury by Defendant and (2) he has failed to explain how the purported ADA deficiencies he identifies relate to his disability or how they affect him personally.

The parties disagree about what is necessary to properly allege an injury in fact under Title III of the ADA. Defendant contends Strojnik must demonstrate a plausible intention to return to the Joule in the future such that he will be harmed by the alleged ADA noncompliance. Defendant asserts the Court should consider (1) Strojnik's proximity to the Joule; (2) his past patronage; (3) the definitiveness of his plan to return to the hotel; and (4)

his frequency of nearby travel. *See Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. 3:05-CV-1307-G, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005). Defendant argues that Strojnik has not alleged any concrete plan to return to the Joule. It maintains that "a mere someday intention" to return is insufficient.

Strojnik does not attempt to argue that his pleadings demonstrate a concrete intention to return to the Joule. Instead, he urges the Court not to apply an "intent to return" test but to instead apply the "deterrent effect doctrine" in determining whether he has standing. Under this approach, a disabled individual suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there. *See Chapman v. Pier 1 Imports*, 631 F.3d 939, 949–50 (9th Cir. 2011).[2] Strojnik asserts that the Fifth Circuit, in *Frame v. City of Arlington*, adopted this approach in a case under Title II of the ADA. 657 F.3d 215 (5th Cir. 2011) (en banc).

*Frame* does not expressly adopt a deterrent effect test. But it contains some language supporting Strojnik's argument that he does not need to show concrete plans to return to the Joule. In *Frame*, the plaintiffs, who used motorized wheelchairs for mobility, alleged that certain City sidewalks were inaccessible, making it difficult, dangerous, or impossible for them to travel

---

[2] Several district courts in other Texas districts have also used the deterrent effect doctrine. *See, e.g., Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587, 602–04 (W.D. Tex. Aug. 10, 2010).

7

to a variety of public and private establishments. *Id.* at 221. They sued the City claiming that the inaccessible sidewalks violated the ADA. *Id.* The City argued that plaintiffs lacked standing with respect to some sidewalks they had not personally encountered. *Id.* at 235. The Fifth Circuit stated that standing requires a plaintiff seeking injunctive relief to allege an "actual and imminent" and not merely "conjectural or hypothetical" injury. *Id.* "Mere 'some day' intentions to use a particular sidewalk, 'without any description of concrete plans,' does not support standing." *Id.* But, the court stated, "imminence" is an "elastic concept" that is broad enough to accommodate challenges to at least some sidewalks a disabled person has not personally encountered. *Id.* The court went on to say that "a disabled individual need not engage in futile gestures before seeking an injunction; the individual must show only that an inaccessible sidewalk actually affects his activities in some concrete way." *Id.* at 236. The court concluded that plaintiffs had sufficiently alleged standing because they detailed how specific inaccessible sidewalks negatively affect their day-to-day lives by forcing them to take longer and more dangerous routes. *Id. Frame*'s language about a plaintiff not needing to engage in futile gestures before seeking an injunction lends support to Strojnik's argument that he does not need to show a concrete plan to return to the hotel.

The Fifth Circuit has applied *Frame* in a case with facts more similar to the instant case. In *Deutsch v. Annis Enterprises*, the plaintiff was a

paraplegic who uses a wheelchair for mobility. 882 F.3d at 172. He filed 385 ADA lawsuits in 306 days. *Id.* He sued the owner of a women's hair salon, alleging he visited the salon and "experienced difficulty and discomfort" because the salon did not have the number of parking spaces required by the ADA or access ramps, and because its threshold exceeded one-half inch. *Id.* The plaintiff's complaint did not indicate that he would ever visit the salon again. Instead he alleged that he will continue to experience unlawful discrimination as a result of the salon owner's failure to comply with the ADA. *Id.* As here, the business owner moved to dismiss for lack of standing. The district court granted the motion, reasoning that the plaintiff failed to demonstrate he suffered an actual or imminent injury or that he had concrete plans to patronize the salon in the future. *Id.* at 173.

The Fifth Circuit affirmed, holding the plaintiff had not established standing because he had not shown that any alleged ADA violation threatened him with future injury. *Id.* Like Strojnik, the plaintiff argued that under *Frame*, he had satisfied the future-injury standing requirement. *Id.* at 174. The Fifth Circuit disagreed, stating that unlike the *Frame* plaintiffs, Deutsch had not shown how the alleged ADA violations at the salon will negatively affect his day-to-day life. The court noted he had only visited the business once. There was no evidence he had any intent to return, nor was there any reason to believe he was affected by the alleged violation in "some concrete way." *Id.*

As in *Deutsch*, Strojnik has not established standing because he has not shown that any alleged ADA violations at the Joule threaten him with future injury. First, Strojnik has not sufficiently pleaded a concrete intent to return. His "mere some day" plans are insufficient. Nor has he sufficiently pleaded that the alleged violations negatively affect his day-to-day life or affect him in "some concrete way." Strojnik lives hundreds of miles from Dallas. His plan to return to the Joule is indefinite. He pleadings indicate he has been to the hotel one time and are silent on how often he travels to the area.

Defendant also asserts Strojnik has failed to establish an injury in fact because he has not explained how the ADA deficiencies he identifies relate to his disability. In an ADA case, a disabled plaintiff has standing to assert only those claims related to *his* disability. *See Ass'n for Disabled Americans, Inc. v. 7-Eleven, Inc.*, No. 3-01-CV-0230-H, 2002 WL 546478, at *2 (N.D. Tex. Apr. 10, 2002) (citing *Lujan*, 504 U.S. at 560–61). Here, Strojnik alleges he encountered architectural barriers at the Joule that prevent him from full and equal access to the hotel. These barriers, which are not described in the complaint but in pictures in Addendum A, include doors, steps, "improperly configured handrails," and inaccessible bars and bar seating among other things. Strojnik's complaint does not adequately explain how these barriers are related to his disability. Its contention that the violations described in the addendum relate to his disability is conclusory. Part of the problem is that the extent of Strojnik's mobility issues is not clear from the complaint.

He states that he walks with difficulty but does not provide any other information about the limitations on his ability to walk. Although he mentions a wheelchair once, he does not expressly plead that he requires one or refer to other mobility aids such as a walker. Strojnik has not established his standing to complain of the barriers in Addendum A. *See Chapman*, 631 F.3d at 954. For both of these reasons, Strojnik has not demonstrated standing to bring an ADA claim.

Defendant contends Strojnik's lack of standing extends to his negligence claim because the "negligence claim is entirely derivative and dependent upon his claim of discrimination under the ADA." The Court agrees that because the negligence claim is premised on a duty created by the ADA to remove barriers, and Strojnik's complaint does not adequately explain how these barriers are related to his disability, he has likewise not established standing to bring his negligence claim.

**Rule 12(b)(6) Motion to Dismiss**

Defendant alternatively asserts that Strojnik's complaint should be dismissed for failure to state a claim under Rule 12(b)(6). It contends his ADA claim fails because Strojnik failed to plead facts sufficiently describing any ADA discrimination against him. It also contends the negligence claim fails because it is derivative of the deficient ADA claim.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled

11

to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." *Id.* 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content. *Id.* at 686. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

For the reasons stated above in connection with the issue of standing, Strojnik's complaint does not adequately plead an ADA claim. He does not explain how any architectural barriers at the hotel are related to his disability. It is not clear how the ADA violations in the pictures impacted him. The Court disagrees with Strojnik's assertion that the physical effects of his femoral neuropathy and other conditions are common knowledge.

Defendant also asserts that Strojnik's negligence claim fails under Rule 12(b)(6) for various reasons. As stated, Strojnik alleges Defendant breached a duty owed him to remove ADA accessibility barriers so that he could have equal access to the Joule. He further alleges the breach caused him damages, including "the feeling of segregation, discrimination, relegation to second class citizen status[, and] the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial."

Defendant argues that Strojnik's negligence claim is entirely derivative of his ADA claim and the alleged ADA violations are not actionable as negligence. Strojnik responds that he is asserting a claim for negligence per se. He seeks leave to amend his complaint to specify that his negligence per se claim is predicated on "the Texas Version of the ADA" or "TADA." Strojnik does not provide a citation to the law to which he refers. In Texas, the unexcused violation of a statute setting an applicable standard of care constitutes negligence per se if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. *Kelly v. Brown*, 260 S.W.3d 212, 218 (Tex. App.—Dallas 2008, pet. denied). Because Strojnik has not provided an adequate reference or citation to the Texas statute on which he bases his negligence per se claim, let alone established that the statute is designed to prevent an injury to that class of persons to which he belongs, Strojnik has not pleaded a plausible claim for negligence per se.

Defendant also asserts that Strojnik cannot assert a negligence claim because he has not alleged any physical injury and is seeking only emotional damages. There are few situations in which a claimant who is not physically injured by a defendant's breach of a duty may recover mental anguish damages. *Motor Exp., Inc. v. Rodriguez*, 925 S.W.2d 638, 639 (Tex. 1996); *see SCI Tex. Funeral Servs., Inc. v. Nelson*, 540 S.W.3d 539, 543–44 (Tex. 2018) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993) (there is no cause of action in Texas for negligent infliction of emotional distress)). Contrary to Strojnik's argument, his assertion in his complaint about "the pain, suffering . . . inherent to discrimination" is conclusory and insufficient to plead a plausible physical injury. And Strojnik has not pleaded facts to show this case is one in which it is permissible to bring a negligence claim in the absence of physical injury.

For the foregoing reasons, the Court grants Defendant's motion to dismiss. Rather than dismiss this case with prejudice, the Court will allow plaintiff to file an amended complaint within 30 days from the date of this order. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal").

**SO ORDERED**.

Signed February 28, 2020.

                                                   ADA BROWN
                                                   UNITED STATES DISTRICT JUDGE