IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER STROJNIK, § § Plaintiff, § § v. § § 1530 MAIN LP, D/B/A/ THE JOULE, § § Defendant. § | Civil No.  3:19-CV-01326-E |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 22).  Defendant asserts the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.  The Court previously granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and allowed Plaintiff to replead.  Now Defendant asserts the Second Amended Complaint should be dismissed because Plaintiff has not corrected the deficiencies previously identified.  For reasons that follow, the Court grants the motion.

Plaintiff Peter Strojnik asserts claims against Defendant 1530 Main LP, owner and operator of the Joule hotel in Dallas, Texas, for violations of the Americans with Disabilities Act (ADA) and for negligence based on the alleged ADA violations.  Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place

1

of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676 (2001). Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). A plaintiff who sues under the ADA is limited to seeking "injunctive relief, and a restraining or other similar order." *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (quoting *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)); *see* 42 U.S.C. § 12188(a).

Strojnik, a resident of Maricopa County, Arizona, is proceeding pro se. He was licensed as an attorney in Arizona, but was disbarred in May 2019. Strojnik alleges that he is a disabled person as defined by the ADA. His complaint sets out various impairments, including severe right-sided neural foraminal stenosis and degenerative right knee, and alleges these impairments substantially limit his major life activities. According to the complaint, Strojnik walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation.

Strojnik is retired and "likes to spend his retirement years traveling the United States." Strojnik alleges that he booked a "mobility accessible room" with Defendant for February 20-22, 2019. He alleges he "visited the Hotel and discovered it was not accessibility suitable for his needs and that it was replete with architectural barriers" The complaint includes a series of

pictures purporting to depict barriers Strojnik personally encountered at the Joule. Below each picture is a brief description of the alleged ADA deficiency.

Strojnik alleges that the violations impair his full and equal access to the public accommodation and constitute discrimination satisfying the "injury in fact" requirement. Strojnik alleges he is "deterred from visiting the Hotel based on [his] knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to [his] disability." He further alleges that he "intends to visit Defendant's Hotel at a specific time when Defendant's noncompliant Hotel becomes fully compliant with ADAAG [ADA Accessibility Guidelines for Buildings and Facilities]." Strojnik also alleges he has "concrete plans to travel to Dallas for business and pleasure, court hearings, and additional testing of Dallas hotels for ADA compliance generally and with respect to the Joules [sic] particularly." Strojnik seeks injunctive relief ordering Defendant to alter the hotel to make it accessible and usable to individuals with disabilities, equitable nominal damages, and costs and attorney's fees.

Strojnik also asserts a claim for negligence. He alleges Defendant owed him a duty to remove ADA accessibility barriers so that he could have equal access to the public accommodation. He further alleges Defendant breached this duty and that the breach caused him damages, including "the feeling of segregation, discrimination, relegation to second class citizen status[, and]

the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial."

Defendant has moved to dismiss Strojnik's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Defendant again contends that Strojnik's amended complaint should be dismissed because he lacks standing. Federal courts have subject matter jurisdiction only over a "case" or "controversy." *Deutsch*, 882 F.3d at 173; *see* U.S. Const. art. III, § 2, cl. 1. To establish a case or controversy, a plaintiff must show he has standing to sue. *Deutsch*, 882 F.3d at 173. Standing has three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561.

In addition, because he sues under the ADA, Strojnik must meet the standing requirements for equitable relief. *Deutsch*, 882 F.3d at 173. A

4

plaintiff seeking equitable relief must show that there is a real and immediate threat of repeated injury.  *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  Merely having suffered an injury in the past is not enough; the plaintiff must show a real or immediate threat that he will be wronged again.  *Id.*

As it did in its first motion to dismiss, Defendant asserts Strojnik has failed to demonstrate that he suffered an injury in fact.  Defendant argues Strojnik does not demonstrate that he suffered an actual or imminent injury or that he has concrete plans to patronize the Joule in the future.  The Court agrees.

As in *Deutsch v. Annis Enterprises*, Strojnik has not established standing because he has not shown that any alleged ADA violations at the Joule threaten him with future injury.  *See Deutsch*, 882 F.3d at 173-74.  First, Strojnik has not sufficiently pleaded a concrete intent to return.  His allegation that he has concrete plans to return is conclusory.  "Mere 'some day' intentions, 'without any description of concrete plans,' does not support standing."  *Frame v. City of Arlington*, 657 F.3d 215, 235 (5th Cir. 2011); *cf., e.g., Kennedy v. Sai Ram Hotels LLC*, No. 8:19-cv-483-T-33JSS, 2019 WL 2085011 (M.D. Fl. May 13, 2019) (plaintiff alleged she frequently travels near hotel and alleged she planned to return to hotel within eight months.).

Nor has Strojnik sufficiently pleaded that the alleged violations negatively affect his day-to-day life or affect him in "some concrete way."  *See*

*Deutsch*, 882 F.3d at 174.  Strojnik lives hundreds of miles from Dallas.  His plan to return to the Joule is indefinite.  He pleadings indicate he has been to the hotel one time and are silent on how often he travels to the area.

Strojnik's lack of standing extends to his negligence claim.  The negligence claim is based on a duty created by the ADA to remove accessibility barriers.  For the same reasons discussed above, Strojnik's complaint does not establish standing to bring his negligence claim.

The Court grants Defendant's motion to dismiss.  Strojnik has been given an opportunity to amend his complaint and further amendment is not warranted.  Accordingly, Strojnik's amended complaint is dismissed without prejudice.  *See Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) (when complaint dismissed for lack of standing, it should be without prejudice).

**SO ORDERED**.

Signed February 17, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE